**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | |
| v. | | **CRIM. NO. PX-17-352** |
| | \* | |
| **STEPHEN KINNISON,** | \* | |
| Defendant. | | |

**MEMORANDUM ORDER**

Pending before the Court is defendant Stephen Michael Kinnison's motion for compassionate release and supplemental filings. ECF Nos. 282, 296, 314, 317. Mr. Kinnison asks that this Court reduce his 41-month sentence in light of the COVID-19 pandemic and his mother's failing health. *Id.* For the reasons set forth below, the motion will be DENIED.

18 U.S.C. § 3582(c)(1)(A) permits a district court to modify a defendant's sentence for "extraordinary and compelling reasons" and taking into account "the factors set forth in section 3553(a) to the extent that they are applicable." Before a defendant may so move, he must first exhaust all administrative rights "to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Mr. Kinnison has exhausted his administrative remedies, and so this motion is ripe for consideration.

Under the First Step Act, the Bureau of Prisons "is no longer the exclusive arbiter of what constitutes other 'extraordinary and compelling reasons,'" and courts may now "independently determine what constitutes other 'extraordinary and compelling reasons' for compassionate

release[.]" *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020).  Pertinent to this motion, "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)."  *Id. See also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Kinnison avers that his physical and mental health challenges make him especially vulnerable to the adverse effects of COVID-19.  ECF No. 317.  The Court notes that in the Pre-Sentence Report prepared in Kinnison's case, physical conditions which he now highlights – "severe oxygen deficiency of the heart" and high blood pressure – were not documented in the report.  *Compare* ECF No. 317 *with* ECF No. 253 at 19.  Nor do Mr. Kinnison's pleadings include any medical records documenting these physical ailments.  The Court also notes that as of today, the Bureau of Prisons institution in which Mr. Kinnison is housed, Allenwood Low, reports only two inmates currently suffering from COVID-19.  *See* https://www.bop.gov/coronavirus/index.jsp (last visited Feb. 8, 2021).  Accordingly, the Court cannot conclude that Kinnison suffers from sufficiently adverse health condition to support a finding that COVID-19 presents an "extraordinary circumstance" justifying immediate release.

In this respect, the Court recognizes that like many, Mr. Kinnison is afraid and anxious about his potential exposure to the COVID-19 virus.  To his credit, Mr. Kinnison seems even more concerned about the wellbeing of his mother who is suffering from her own health challenges.  Although the Court commends Mr. Kinnison for his compassion, and applauds his

sobriety, even if the Court were to find such circumstances extraordinary, the motion is not supported when considering the counterbalancing § 3553(a) factors.

At the time Kinnison was sentenced, the Court varied downward substantially from an advisory guideline range of 57-71 months, to impose a 41-month imprisonment term.  ECF No. 255.  Kinnison is due to be released May 23, 2022.  *See* https://bop.gov/inmateloc (last visited Feb. 8, 2021).  To impose a time-served sentence would require further reduction of Mr. Kinnison's prison term by more than a year.  Given Mr. Kinnison's involvement in a serious narcotics conspiracy, his criminal history, and his performance on pretrial supervision, the Court simply cannot grant a further reduction.  Rather, when taking into account the new evidence that Kinnison presents, the original sentence remains sufficient but not greater than necessary to promote respect for the law, account for the seriousness of the offense and provide specific and general deterrence.  This sentence takes into account Mr. Kinnison's struggle with addiction and the other ways in which he demonstrated his sincere remorse for his involvement in the offense.  Accordingly, the current sentence must remain unchanged.

The Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.  The Clerk is DIRECTED to mail a copy of this Memorandum Order to Mr. Kinnison at FCI Allenwood.

Dated: February 10, 2021                           /S/
                                          Paula Xinis
                                          United States District Judge